**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3823
_____

TALLI J. MCFADDEN,
                                             Appellant

v.

ODEIDA DALMASI MEDICAL & CLINICAL DIR; CAPT. BAKER-BARTLETT,
HEALTH SERVICE ADMIN; LT. CMMDR. MURPHY, AS HEALTH SER. ADMIN;
RN SOGO, REGISTERED NURSE; NP CHRISTINE NELSON, NURSE
PRACTITIONER; C/O MUIR, CORRECTIONAL OFFICER; C/O HARRIS,
CORRECTIONAL OFFICER; SCOTT L. BUSCH, DO

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-05787)
Magistrate Judge:  Honorable Juan R. Sánchez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 7, 2020
Before: JORDAN, MATEY, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 9, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Talli McFadden (also known as Larue McFadden) appeals from the District Court's order granting summary judgment in favor of defendants Odeida Dalmasi, Akinwale Sogo, and Christine Nelson. We will affirm.

I.

McFadden, through counsel, filed an amended complaint against Dalmasi, Sogo and Nelson.[1] McFadden alleged that, while he was a federal pretrial detainee at FCI-Philadelphia, he suffered a broken nose after another inmate hit him in the face with a padlock wrapped in a sock. He further alleged that defendants violated his constitutional rights by failing to treat or providing inadequate treatment for his injuries. Defendants ultimately moved for summary judgment. The District Court heard oral argument on the motion and later granted it. McFadden appeals pro se.

II.

We have jurisdiction under 28 U.S.C. § 1291.[2] Our review of the District Court's order granting summary judgment is plenary. See Pearson v. Prison Health Serv., 850 F.3d 526, 533 (3d Cir. 2017). Having conducted that review, we will affirm for the

---

[1] McFadden also named other defendants but, on appeal, he has not challenged the District Court's resolution of his claims against those defendants. Thus, we address only McFadden's claims against Dalmasi, Sogo, and Nelson. References herein to "defendants" are to them.

[2] The District Court's entry of summary judgment resolved all remaining claims as to all parties with the exception of some defendants' cross-claims against another defendant who is not participating in this appeal. The District Court later dismissed those cross-claims, however, so its decision is now final and appealable under § 1291. See Cape May Greene, Inc. v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983).

2

reasons thoroughly explained by the District Court. Our discussion assumes familiarity with the District Court's opinion, which addresses McFadden's referral to an outside specialist and the other care that defendants provided.

McFadden's primary argument on appeal is that the District Court should have analyzed his claims under the Fifth Amendment rather than the Eighth Amendment because he was a pretrial detainee rather than a convicted prisoner.[3] The District Court recognized, however, that claims by pretrial detainees are governed by the Fifth Amendment and that the Fifth and Eighth Amendment standards are not necessarily coextensive. See Hubbard, 399 F.3d at 165-66. The District Court nevertheless applied the Eighth Amendment standard because we have recognized that the standards are at least "similar," Hubbard, 399 F.3d at 166 n.22, and because the parties argued the Eighth Amendment standard.

Our review confirms that McFadden expressly asserted his claims under the Eighth Amendment "deliberate indifference" standard in his amended complaint (ECF No. 29 at 22-26), his summary judgment brief (ECF No. 65 at 6-8, 11-18), and at oral argument (ECF No. 80 at 18-19, 24-25, 69). Moreover, after defendants argued in their brief on appeal that McFadden relied solely on the Eighth Amendment standard below,

---

[3] The Eighth Amendment standard applicable to convicted prisoners requires a showing that prison officials were (1) deliberately indifferent to the prisoner's (2) serious medical needs. See Pearson, 850 F.3d at 534. The Fifth Amendment standard applicable to pretrial detainees, by contrast, focuses on whether prison officials have inflicted "punishment." Hubbard v. Taylor, 399 F.3d 150, 158, 164 (3d Cir. 2005).

McFadden filed a reply brief in which he relied solely on the Eighth Amendment standard once again. Thus, we decline to hold that the District Court erred in applying that standard.[4]

McFadden also challenges the District Court's application of the Eighth Amendment standard. But McFadden does not mention the District Court's resolution of most of his specific claims, and he otherwise largely fails to relate his arguments to those claims or to the District Court's reasons for rejecting them.[5] McFadden's briefs can be liberally construed to argue that the District Court should not have required expert evidence on certain points, but our review reveals no error in that regard.[6] McFadden

---

[4] We note that McFadden has not meaningfully addressed the contours of the Fifth Amendment standard or provided any reason to believe that he might have prevailed under that standard. McFadden's arguments in this regard otherwise lack merit. McFadden, for example, relies on Kincaid v. Rusk, 670 F.2d 737 (7th Cir. 1982), for the proposition that the Fifth Amendment standard does not require a showing of deliberate indifference. Kincaid is no longer good law for that proposition even in the Seventh Circuit. See Salazar v. City of Chicago, 940 F.2d 223, 240 (7th Cir. 1991).

[5] McFadden argues, for example, that defendant Doctor Dalmasi's alleged "ineptitude" required a nurse to correct Dalmasi's order of an x-ray and resulted in a delay in receiving care. As defendants argue, McFadden does not appear to have raised any claim in that regard before the District Court.

[6] The District Court, applying our guidance in Pearson, concluded that McFadden required expert or other extrinsic evidence to establish the elements of most of his specific claims. McFadden argues that such evidence was not required because any layperson would know that a "head injury" is a serious medical condition requiring "emergent" care. This argument appears to relate to Doctor Dalmasi's decision, in requesting McFadden's referral to an outside specialist after reviewing his x-ray, to classify the request as "urgent" rather than "emergent" (as opposed to "routine"). The District Court properly recognized that McFadden did not necessarily require expert

4

also argues that the District Court should have reviewed a video taken of him showing immediately after he was struck by the padlock. But the District Court's discussion reveals that it did review the video (ECF No. 74 at 16), and the District Court properly concluded that the video does not create a triable issue of fact.[7] McFadden also challenges certain other aspects of the District Court's assessment of the summary judgment record, but his arguments in that regard lack merit as well.[8] In sum, McFadden

---

evidence to challenge Dalmasi's decision but required at least some extrinsic evidence—which McFadden did not proffer—to challenge the adequacy of Dalmasi's care in that regard. (ECF No. 74 at 21 n.14.) That conclusion was a proper application of Pearson, 850 F.3d at 535-36, 539. McFadden does not cite any evidence calling that conclusion into question, and his generalized assertion that he suffered a "head injury" does not account for the specific conditions and claims at issue in the District Court.

[7] After the assault resulting in McFadden's injuries, corrections officers pepper sprayed those involved, separated them, and escorted McFadden to a shower to wash off the pepper spray. (McFadden raises no claims regarding the pepper spraying.) The video in question shows McFadden showering and then vigorously wiping his face. Although McFadden said "I can't breathe" when he began to wash off the pepper spray and later said "it burns," McFadden remained calm throughout the video and did not display any obvious signs of pain or distress. McFadden argues that defendants edited the video before producing it, but he does not appear to have raised any such argument before the District Court and, on appeal, he does not specify what he believes an unedited video would have shown or how it would have created a triable issue of fact.

[8] One of McFadden's claims is that the defendants violated the Eighth Amendment by failing to prescribe ibuprofen for his pain until five days after the incident. The District Court entered summary judgment in favor of Nurse Practitioner Nelson on the ground that she knew that McFadden already was under Doctor Dalmasi's care and that a nurse "will not be chargeable with deliberate indifference . . . when a nurse knows that a prisoner is under a physician's care and has no reason to believe that the doctor is mistreating the prisoner." Pearson, 850 F.3d at 540 n.4. McFadden argues that there was "no evidence" that Nelson knew McFadden to be under Dalmasi's care at the relevant time. Defendants, however, presented the transcript of Nelson's deposition at which she

has not provided any basis on which to disturb the District Court's well-reasoned rulings and our review reveals none.

III.

For these reasons, we will affirm the judgment of the District Court. Appellees' motion to seal Volume II of their supplemental appendix, which consists of a flash drive of the video referenced above, is granted. McFadden's motion for discovery is denied.[9]

---

squarely testified to that effect. (ECF No. 59-3 at 23-24.) McFadden has not cited any countervailing evidence and has not otherwise raised a triable issue in this regard.

[9] McFadden asks that we order defendants to provide him with a copy of certain pages of the transcripts of his own and Sogo's depositions. McFadden does not claim that he attempted to obtain those transcripts from his own counsel. Those portions of the transcripts also were not before the District Court and, in any event, McFadden has made no showing of their relevance to any issue on appeal.